WALTER S. GOVE, Respondent, v. ALEXANDER M. LAWRENCE and another, Appellants.

(GENERAL TERM, SECOND DEPARTMENT, 1872.)

The satisfaction of a judgment affirmed in the Court of Appeals discharges the sureties upon the appeal bond, and entitles the appellant to a return of securities delivered as security against liability on the bond.

Proof of fraud, or mistake to which the surety was privy, in procuring the satisfaction, might enable him to retain the securities.

An agreement by one member of a copartnership with a trustee of the firm to divert securities belonging to the firm, in the hands of the latter, to the individual use of the former is not valid.

THIS was an appeal taken by the defendant from a judgment for the plaintiff entered on the report of a referee.

The action was brought to recover a share (one-half) of the proceeds of certain bonds left in the hands of the defendant, Lawrence, by the firm of Gove & Ward, composed of the plaintiff and defendant Ward, who was made a defendant on refusal to join as plaintiff.

It appeared that the plaintiff and Ward were partners in business, and entitled each to one-half of the property and assets of the partnership. That during the continuance of the part-

nership the firm deposited with the defendant, Lawrence, five bonds of the United States, with coupons attached, which were firm property, taking a receipt therefor as follows, viz. :

> "NEW YORK, *September* 15, 1863.

> "Received from Messrs. Ward & Gove five bonds, of one thousand dollars each, of the United States, and known as five-twenties, Nos. 37,857, 37,858, 37,859, 37,860 and 37,861, the same being deposited with me as security for bonds given by John S. Lawrence, John C. Giles, and myself, as security for an appeal of a suit of Messrs Ward & Gove to Court of Appeals; and upon the final decision and settlement of same, said bonds are to be returned to Messrs. Ward & Gove.

> "ALEXANDER M. LAWRENCE.

> "The coupons, when due, are to be handed to Messrs. Ward & Gove.

> "A. M. LAWRENCE."

It also appeared that the defendant, Lawrence, procured undertakings to be given with him by John C. Lawrence and John C. Giles, mentioned in the receipt, in actions, in which one Kelsey as plaintiff had recovered judgment against the firm of Ward & Gove as defendants, on appeal therein to the Court of Appeals. The referee found, as a fact, that the judgment had been paid, satisfied and canceled of record; that payments had been made by Lawrence on account of the judgments for principal and interest, and that he should have in his hands some $3,000, or the value thereof, beyond the payments. The referee found that the plaintiff was entitled to one-half of that sum, with interest.

It was claimed by the defendant, before the referee, that the evidence established the fact that the satisfaction piece of one of the judgments, in respect to which the security had been given upon appeal, was given by mistake, under a supposition that the judgment had been fully paid, whereas the costs alone had been paid, and the defendant requested a finding as to the amount actually paid upon such judgment,

and as to whether there was mistake in giving the satisfaction piece. He also requested findings of law upon the question of payment of the judgments, and as to whether the defendant Lawrence, knowing of the mistake, was released from the liability of surety. The referee refused to find further than already found by him.

*Moody B. Smith*, for the appellant.

*Charles Jones*, for the respondent.

Present—BARNARD, P. J., GILBERT and TAPPEN, JJ.

By the Court—GILBERT, J. Upon the evidence, the case is clear. 1st. The receipt of September 15th, 1863, contains the contract. By the terms of that, the defendant Lawrence agreed to hold the bonds as security for liabilities of his co-sureties and himself on undertakings given on behalf of Ward & Gove, upon appeals by them to the Court of Appeals, in certain actions between them and Charles Kelsey. It appears that Kelsey prevailed in these appeals, and that the judgments recovered were duly satisfied by him. The satisfaction of these judgments discharged the defendant and his co-sureties on the undertaking, and entitled Ward & Gove to a return of the bonds. It may be that, if any fraud or mistake occurred in procuring the satisfaction of the judgments, and Lawrence was privy to it, he would be permitted to avail himself of the facts, as giving him the right to retain the securities. But there is no proof of such mistake or fraud, nor has Kelsey asserted the existence of either of those facts, or sought in any way to invalidate the satisfaction pieces of the judgments. We are of opinion that the evidence on this subject constitutes no defence to the action.

2d. The only other defence is, that Ward agreed that Lawrence might apply the securities in payment of a debt due him by Ward individually. There being no evidence of the assent of the plaintiff to this agreement, or of any act

of ratification on his part, this agreement was not binding upon him, and the finding of the referee upon the facts, as applied to this case, was correct. An agreement by one member of a copartnership with a trustee of the firm, to divert securities belonging to the firm, in the hands of the latter, to the individual use of the former, is not valid.

The judgment must be affirmed, with costs.

Judgment affirmed.